TEMPLEN v. PLATTNER ET AL.

1. **Practice in Supreme Court:** FINDINGS OF TRIAL COURT TO SUSTAIN JUDGMENT.   The findings of fact by the trial court in this case are so indefinite and uncertain that the judgment based thereon cannot be sustained.   For the facts, see opinion.

*Appeal from Page Circuit Court.*

THURSDAY, JUNE 4.

*Stockton & Keenan*, for appellants.

*W. P. Ferguson* and *J. L. Mitchell*, for appellee.

SEEVERS, J.—In March, 1880, one Myers executed his non-

negotiable promissory note to the defendant, Plattner, payable on or before the first day of October, 1883. In September, 1883, this note was forwarded to the Shenandoah National Bank by the Exchange Bank of Bluffton, Ohio, for collection. In May, 1883, the plaintiff recovered a judgment against Plattner, execution was issued thereon, and Myers, in May, 1883, was garnished as the supposed debtor of Plattner, and the garnishee, in his answer, filed in November, 1883, stated that he had executed said note, and that the same was unpaid, but that he was informed that the Exchange Bank claimed to own it. The Exchange Bank intervened in the garnishment proceeding, and pleaded that Plattner had assigned the note to John Haunstein, and he to Henry Haunstein, who had sold and assigned it to the intervenor, who was a holder in good faith and for value. The plaintiff denied the material allegations of the petition in intervention, but pleaded that the intervenor was not a holder in good faith and for value, and denied that the assignments were made at or near the time they purport to have been made; that the same were without consideration, and fraudulent and void as to the creditors of Plattner. There was a trial to the court, and a finding of facts made as follows: "That the Exchange Bank of Bluffton, Ohio, purchased the note for value in good faith, and without knowledge of the fact that the maker had been garnished, and before the maturity of the note. (2) That the assignments of the same by Henry Plattner, and John and Henry Haunstein, were not made at the date at which they purport to have been made, but were made at a later date, and for the purpose, known to both assignors and assignees, of defeating creditors."

Counsel for the appellant insist that this last finding is not supported by the evidence; and that, if it is, the conclusion of law adopted by the court is not warranted by the facts found. It will be observed that the findings to some extent are inconsistent and contradictory to each other. In the first one above set out the court found that the Exchange

Bank was a good-faith holder and a purchaser for value, and that the assignment to it was made before the maturity of the note; while in the latter finding it is found that the purpose of both the assignors and assignees was to defeat the creditors of Plattner, as we understand. If this finding has any reference to the bank, then it was not a holder for value in good faith. In order to reconcile these inconsistencies, we have looked into the evidence, and therefrom conclude that the last finding above set out has no reference to the bank. If wrong in this, then we are satisfied that the finding as to the bank is not supported by the evidence, for the reason that there is no evidence which tends to show that the assignment to the bank was made after it purports to be, or that it was not a good-faith holder for value.

It will be assumed that, with the exception just stated, the evidence supports the findings; and the conclusion of law adopted by the court was that, as the note was not negotiable, the bank must be held to have taken it subject to the garnishment, because we suppose the note was not assigned to the bank until after the maker had been garnished. There are certain facts which are undisputed, and therefore not included, as we suppose, in the finding of facts. The plaintiff, in a pleading filed by him, states that he recovered his judgment in May, 1883, and, as there is no evidence tending to show when the indebtedness accrued, other than the judgment, it must be assumed that it accrued at that time. The note purports to have been assigned by Plattner to John Haunstein in March, 1880, and by the latter to Henry Haunstein in February, 1881, and that it was so assigned at some time was not disputed on the trial before the circuit court.

Now the court found that the assignments were made at a later date, but when is not stated. If such assignments were not made prior to May 19, 1883, when the plaintiff obtained his judgment, then it cannot be said that the plaintiff was an existing creditor of Platner when the assignments were made. There is no evidence tending to show, and the find

ings of the court will not warrant, the conclusion that the note was assigned to Haunstein for the purpose of defrauding subsequent creditors. The fact that Plattner made the assignment after it purports to have been made is immaterial, unless it was made at a time when the plaintiff was a creditor, and for the purpose of defrauding him and other existing creditors of Plattner. The findings of fact are so indefinite and uncertain that the judgment cannot be sustained. Upon looking into the evidence, we are unable to determine at what time the assignment to John Haunstein was made, conceding that it was not made at the time it purports to be.

REVERSED.